FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2014 FEB -5 P 1:36
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JUAN QUELIS,

    Petitioner,

v.                                    CIVIL ACTION NO.: CV513-106

IMMIGRATION AND CUSTOMS
ENFORCEMENT and D. RAY JAMES
CORRECTION FACILITY,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Juan Quelis ("Quelis"), who is currently incarcerated at D. Ray James Correctional Institution in Folkston, Georgia, filed a Motion for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Respondents filed a Response. For the reasons which follow, Quelis' Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Quelis is serving a 51 month sentence after he was convicted in the District of Massachusetts of attempting to possess with intent to distribute a controlled substance and conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. Quelis has a projected release date, from the Bureau of Prisons' custody, of March 26, 2014, via good conduct time release. (Doc. No. 11-1, p. 9).

---

[1] According to Quelis, his pleading is an "order for petition writ of habeas mandamus U.S. citizenship adjustment status claim declaratory judgment". (Doc. No. 1).

Quelis seeks a declaration that he is a United States citizen. Quelis also seeks to enjoin any possible removal proceedings. According to Quelis, he is a citizen of the United States because his stepmother is a United States citizen.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Citizenship

"Where an official's authority to act depends upon the status of the person affected, in this case eligibility for citizenship, that status, when in dispute, may be determined by a declaratory judgment proceeding after the exhaustion of administrative remedies." McGrath v. Kristensen, 340 U.S. 162, 169 (1950) (cited in Roberts v. INS, 372 F. App'x 921, 925 (11th Cir. 2010)). In McGrath, the United States Supreme Court concluded that the petitioner could bring a § 2201 declaratory judgment action to determine citizenship status because the Attorney's General's refusal to suspend deportation was a final administrative decision.

However, in Roberts, the Court of Appeals for the Eleventh Circuit determined that the petitioner could not bring a declaratory judgment action because the petitioner's immigration proceedings had not yet begun. Specifically, even though the Department of Homeland Security ("DHS") had denied Roberts' naturalization application, Roberts had not challenged that denial before an immigration officer. Additionally, even though DHS issued a detainer for Roberts, Roberts had not received a Notice to Appear commencing removal proceedings. As a result, the district court in Roberts lacked jurisdiction to entertain Roberts' nationality claim. Similarly, this Court lacks jurisdiction to hear Quelis' citizenship claim because "it is clear on the face of [Quelis'] complaint that immigration proceedings [have] not yet begun[.]" Roberts, 372 F. App'x at 925.

2

To the extent Quelis seeks to bring a derivative citizenship claim, he cannot do so at this time. However, the Court is mindful that inmates can bring derivative citizenship claims under certain conditions. See Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003). In the first instance, an inmate begins by filing an application for certificate of citizenship with the Department of Homeland Security ("DHS"). 8 C.F.R. § 341.1. If this application is denied, the inmate may file an appeal with the Administrative Appeals Unit ("AAU"). 8 C.F.R. §§ 322.5(b) and 103.3(a). If the AAU denies the appeal, then the applicant may be able to file an action in district court seeking declaratory judgment on his derivative citizenship claim. 8 U.S.C. § 1503(a); Ortega v. Holder, 592 F.3d 738, 744 (7th Cir. 2010) (noting that an individual can establish nationality pursuant to section 1503 once an administrative application for a certificate of citizenship has been denied); Nelson v. United States, 107 F. App'x 469, 470-71 (6th Cir. 2004) (stating that § 1503(a) requires a final administrative denial before a declaratory judgment action may be instituted). In those instances in which "an application for a certificate of citizenship has been denied and the time for appeal has expired, [the United States Customs and Immigration Service] will reject a subsequent application submitted by the same individual and the applicant will be instructed to submit a motion to reopen or reconsider[.]" 8 C.F.R. § 341.5(e).

The second instance in which judicial review of a derivative citizenship claim is appropriate occurs "[w]here an individual is subject to removal proceedings, and a claim of derivative citizenship has been denied" as part of such proceedings. Henriquez v. Ashcroft, 269 F. Supp.2d 106, 108 (E.D. N.Y. 2003). In this circumstance, review is properly sought "before the appropriate court of appeals, not a district court." Id. (citing

3

AO 72A
(Rev. 8/82)

8 U.S.C. § 1252(b)(5)). Moreover, regardless of whether a claim of derivative citizenship is made following an application for a certificate of citizenship or in conjunction with removal proceedings, all available administrative remedies must be exhausted before a federal court has subject matter jurisdiction to review the claim. 8 U.S.C. §§ 1503(a) and 1252(b)-(d); Sundar v. INS, 328 F.3d 1320, 1323-24 (11th Cir. 2003) (noting that the exhaustion requirement is jurisdictional and applies equally to habeas corpus proceedings).

Quelis has not shown that he exhausted the proper administrative remedies before filing this cause of action. In addition, Quelis has not shown that deportation proceedings against him have begun. (Doc. No. 11, p. 7). In short, this Court is without jurisdiction to entertain Quelis' claims.

## II.   Section 2241

To the extent Quelis seeks relief pursuant to section 2241, this Court is likewise without jurisdiction to entertain these claims. "[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

AO 72A
(Rev. 8/82)

In Porter v. Nussle, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. 534 U.S. 516, 523 (2002). The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.[2] In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Inmates at D. Ray James must exhaust administrative remedies, beginning their grievance process locally with the Warden by using the contractor's grievance procedures.[3] (Doc. No. 11, p. 5). This involves an attempt at informal resolution, which, if unsuccessful, is followed by a formal complaint via a Step 1 administrative remedy form. (Id.). If the inmate is not satisfied with the resolution of the formal complaint, the inmate may appeal to the Bureau of Prisons' ("BOP") Administrator of the Privatization

---

[2] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

[3] The BOP contracts with GEO Group, Inc., to house approximately 2,200 low security criminal alien inmates at D. Ray James Correctional Facility. (Case Number CV511-69, p. 3, n.3).

AO 72A
(Rev. 8/82)

Management Branch, so long as the appeal involves BOP related matters.[4] (Id.). If the inmate is not satisfied with the Privatization Administrator's response, the inmate may make a final appeal to the BOP's Office of General Counsel. (Id. at p. 6). If an inmate files an administrative remedy concerning a BOP related matter, the administrative remedies will be recorded in the BOP's SENTRY computer database. Pichardo v. United States of America, (Case Number CV511-69, Doc. No. 8, p. 3).

At least some of the issues raised in Quelis' petition involve BOP related matters. (See, n.4). Quelis did not file a BOP administrative remedy concerning the matters raised in his petition, as shown by the SENTRY database. (Doc. No. 11-1). As Quelis has not exhausted his available administrative remedies, the Court lacks subject matter jurisdiction to hear his petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Quelis' Motion for Declaratory Judgment and/or his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this ___5___ day of February, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[4] Examples of BOP related matters which must be appealed through the BOP are: sentence computations, reduction in sentences, removal or disallowance of good conduct time, and an inmate's eligibility for early release upon successful completion of the RDAP. (Case Number CV511-69, p. 3, n.4).

AO 72A
(Rev. 8/82)